UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL THOMPSON,

    Plaintiff,

v.                                                                                  Case No:   2:13-cv-232-FtM-38DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court the Plaintiff, Paul Thompson's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 22) filed on January 17, 2014.  The Commissioner filed a Response to Plaintiff's Petition for Attorney's Fees (Doc. 23) on February 3, 2014.  The Commissioner does not oppose this Petition for Attorney's Fees as long as this is the only petition filed by Plaintiff in this case under 28 U.S.C. §2412(d).  Plaintiff proceeded *in forma pauperis* (Doc. 5), and therefore did not incur any costs.

On November 18, 2014, the Honorable Sheri Polster Chappell, United States District Judge entered an Order (Doc. 21) granting the Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Doc. 19). Judge Chappell directed on remand that the ALJ update the record, further evaluate Plaintiff's residual functional capacity, and further evaluate the subjective complaints of Plaintiff in light of all of the evidence. (Doc. 21)  The Court also directed the ALJ to obtain vocational expert evidence to determine whether Plaintiff can perform other work that exists in significant numbers

in the national economy and ensure that the vocational expert testimony does not conflict with the Dictionary of Occupational Titles. (Doc. 21).

In order for Plaintiff to receive an award of fees under the Equal Access to Justice Act ("EAJA"), the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest the following: the application for attorney's fees was timely filed[1]; Plaintiff's net worth is less than $2 million dollars at the time the Complaint was filed; Plaintiff is the prevailing party; the position of the Commissioner is not substantially justified; and there are no special circumstances that would make an award of attorney's fees unjust. Therefore, all of the conditions for EAJA fees have been satisfied.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque,* 505 U.S. 557, 562 (1992). Plaintiff's counsel expended 14.40 hours to date. After reviewing the description of services provided, the Court determines that 14.40 hours is reasonable in this case.

---

1 Due to an error, the Judgment was not entered immediately as directed by the Order (Doc. 21) dated November 18, 2013, and was subsequently entered on February 4, 2014. (See, Judgment (Doc. 24). Therefore, Plaintiff's Application for Attorney Fees (Doc. 22) was timely filed.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting an hourly rate of $179.78, and the Court determines that $179.78[2] per hour is an appropriate hourly rate.

Plaintiff seeks $2,527.34 for attorney fees. The Court determines that the number of hours, 14.40, and the hourly rate of $179.78 are reasonable. When multiplied, the number of hours 14.40 times the hourly rate $179.78 equals $2,588.83. Plaintiff is requesting $2527.34 in attorney fees which is less than the amount of hours times the hourly rate. Therefore, the Court will recommend that Plaintiff be awarded the amount Plaintiff is requesting, namely $2,527.34.

Attached to the Application is an EAJA Limited Power of Attorney signed by Plaintiff. (Doc. 22, p. 8). In the Limited Power of Attorney, Plaintiff assigned all rights to any attorney fees under EAJA to his attorneys, and consented to have those fees paid directly to counsel. (Doc. 22, p. 8).

---

2 The Commissioner agreed to a rate of $179.22, which is the rate listed on Plaintiff's Timesheet (Doc. 22, p. 9) for the year 2012. All of the fees were incurred in 2013, therefore, the Court determines that Plaintiff's rate of $179.78 for 2013 is reasonable.

**IT IS RESPECTFULLY RECOMMEDED:**

The Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 22) be **GRANTED,** and attorney fees in the amount of $2527.34 be awarded to Plaintiff, and may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on February 4, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties